**In re Donald Charles SCHWARTZ, Debtor,**

**David A. Wasney, Sr., Plaintiff–Appellant,**

v.

**Donald Charles Schwartz, Defendant–Appellee.**

No. 12–17359.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2014.*

Filed Feb. 5, 2015.

Klaus J. Kolb, Law Office of Klaus J. Kolb, Auburn, CA, for Plaintiff–Appellant.

Michael K. Mehr, Esquire, Law Offices of Michael K. Mehr, Santa Cruz, CA, for Defendant–Appellee.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Before: THOMAS and CHRISTEN, Circuit Judges, and SEABRIGHT,\*\* District Judge.

MEMORANDUM \*\*\*

David A. Wasney, Sr., appeals the district court's order affirming the bankruptcy court's dismissal of his 11 U.S.C. § 523(c) adversary complaint against Donald Schwartz as untimely under Federal Rule of Bankruptcy Procedure 4007(c). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

Wasney concedes that his adversary complaint was filed one day after the bar date. He sought equitable tolling or other equitable relief. The bankruptcy court, however, lacked equitable power to grant Wasney relief from the untimely filing. *See Anwar v. Johnson,* 720 F.3d 1183, 1187 (9th Cir.2013). "[W]e have repeatedly held that [Rule 4007(c)'s deadline] ... is 'strict' and, without qualification, 'cannot be extended unless a motion is made before the 60–day limit expires.'" *Id.* (quoting *In re Kennerley,* 995 F.2d 145, 146 (9th Cir.1993)) (other citations omitted).

Even if applicable, Wasney has not demonstrated "unique and exceptional circumstances" that might warrant relief from Rule 4007(c)'s strict time limit. *Id.* at 1187–88 & n. 6. Wasney's counsel's declaration does not establish that an emergency situation prevented the filing, or that a court explicitly misled him. *See In re*

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Kennerley,* 995 F.2d at 148 ("[T]he unique circumstances exception would appear to be limited to situations where a court explictly misleads a party."). **AFFIRMED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.